| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |
|---|---|---|
| Jeff Compton,<br><br>    Appellant,<br><br>versus<br><br>Keppel Shipyard LTD,<br><br>    Appellee. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action H-13-2473 |
| In re<br><br>MPF Holding US LLC, et al.,<br><br>    Debtors. | §<br>§<br>§<br>§<br>§ | Bankruptcy 08-36084<br><br>Adversary 10-3457 |

## Opinion on Appeal

1. *Introduction.*

MPF Corp., a Bermudan, contracted with Keppel Shipyard LTD, a Singaporean, to construct a ship in Singapore. They negotiated this deal in Norway and paid for it with Singaporean dollars. MPF Corp. later declared bankruptcy in the United States. The bankruptcy court correctly dismissed its claim to recover money from Keppel. It did not have jurisdiction.

2. *Background.*

In June of 2008, MPF contracted with Keppel Shipyard to construct it a multi-purpose floater – a combination drilling and production ship. Three months later, MPF declared bankruptcy, seeking to reorganize under Chapter 11 of the Bankruptcy Code.

In the 90 days preceding its declaration of bankruptcy, MPF paid $4,040,337.97 to Keppel Shipyard. On the debtor's behalf, the trustee, Jeff Compton, sued Keppel Shipyard to recover that money.

In January of 2011, Keppel Shipyard moved to dismiss for lack of jurisdiction. Before the court ruled on that motion, it dismissed this lawsuit because the debtor's plan of reorganization did not unequivocally reserve to the trustee the claims of MPF against Keppel Shipyard.

On appeal, Keppel Shipyard argued that the bankruptcy court's dismissal should have been affirmed subject to its objection to the court's jurisdiction. The court of appeals reversed the bankruptcy court and remanded the case.

On remand, Keppel Shipyard renewed its jurisdictional motion. The bankruptcy court dismissed the lawsuit because Keppel Shipyard is a Singaporean company with few connections to the United States. The trustee appealed.

3. *Waiver.*

Keppel Shipyard did not waive its objection to jurisdiction by asking the court of appeals to affirm the bankruptcy court's first dismissal of this case. At every stage in the litigation, it has said that the court did not have jurisdiction – subject and party.

During the first appeal, Keppel Shipyard noted in its brief and in its oral argument that it had a pending motion to dismiss for lack of jurisdiction. It joined the other appellee's arguments subject to that motion.

The trustee says that Keppel Shipyard's adoption of the other appellee's arguments on appeal subjected it to the bankruptcy court's jurisdiction because it asked for affirmative relief on the merits. He says that requesting this relief is like formally appearing in bankruptcy court.

Keppel Shipyard did not appear without reservation. It carefully preserved its objection to jurisdiction in its brief and oral argument. It only incorporated the other appellee's briefing to avoid presenting duplicative arguments to the court of appeals.

This court will not use Keppel Shipyard's courteous decision not to repeat its fellow appellee's arguments against it. It did not wave its jurisdictional objection.

4. *Contacts.*

The bankruptcy court correctly held that it does not have jurisdiction over this entirely foreign transaction. MPF, in Bermuda, contracted with Keppel Shipyard, in Singapore, to construct a ship in Singapore.

Keppel Shipyard's parent is Keppel Corporation – a holding company in Singapore. It earned approximately $13 billion in 2012 and has hundreds of subsidiaries. One of those subsidiaries, Keppel Marine Agencies International LLC, is a Texan. Keppel Marine did not introduce MPF to Keppel Shipyard, negotiate the MPF contract, or earn a commission on it.

Compton concedes that Keppel Shipyard is foreign. He says that the court nevertheless has jurisdiction because of its sister company's business in the United States. Related – yet separate – companies are nevertheless legally independent. A sister company only binds its sibling for purposes of jurisdiction if it operates it as its *alter ego*.[1]

Keppel Marine is not Keppel Shipyard. It cannot bind, control, or negotiate on behalf of Keppel Shipyard. The sister companies have their own independent business, accounts, records, and personnel. An occasional referral of American business to its Singaporean sister is too tenuous to subject Keppel Shipyard to jurisdiction in the United States.

5.   *Conclusion.*

This lawsuit is about a contract between two foreigners for work performed in a foreign country. It has nothing to do with the United States. The bankruptcy court's dismissal of Jeff Compton's claims against Keppel Shipyard LTD will be affirmed.

Signed on August 11, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[1] Cannon Mfg. Co. v. Cudahy Packing Co., 267 U.S. 333, 336–37 (1925); Dickson Marine Inc. v. Panalpina, Inc., 179 F.3d 331, 338 (5th Cir. 1999).